UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTONIO JOHNSON,

    Plaintiff,

v.                                                          CASE NO. 6:17-cv-1806-Orl-37KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER

This case is before the Court on Plaintiff's "Complaint for a Temporary Restraining Order." (Doc. 1). Plaintiff is a prisoner in the State of Florida proceeding *pro se*. Plaintiff filed the complaint as an "Emergency" and states that he is facing imminent danger. Plaintiff is advised that the use of the term "emergency" on the title of a pleading should be used only in extraordinary circumstances, when there is a true and legitimate emergency. When a pleading is labeled as an "emergency," the Court is compelled to immediately divert its attention from other pending matters and to focus on the "emergency."

Plaintiff requests a temporary restraining order to prevent the staff at Tomoka Correctional Institution, the correctional facility where he is currently incarcerated, from transferring him to Gulf Correctional Institution. (Doc. 1 at 1-2). Plaintiff contends that on October 6, 2017, Tomoka Correctional Institution transferred over forty inmates to Gulf Correctional Institution, and he fears that he may be transferred as well. *Id.* at 2-3.

Plaintiff asserts that his fears stem from threats made by corrections officer T.J. Driver. *Id.* Plaintiff alleges that Driver threatened his life and stated that he has "brothers" at Gulf Correctional Institution and other locations in the State of Florida. *Id.* at 3. To support his claim, Plaintiff attached a letter he sent to the Office of Attorney General on April 27, 2015, wherein he alleged that he was threatened by Driver in 2012 when he was incarcerated at Lake Butler Reception and Medical Center.[1] (Doc. 1-1 at 1-2).

The Eleventh Circuit has fashioned a four-factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*,

---

[1] The threats made by Driver appear to be in relation to an incident occurring at Columbia Correctional Institution, wherein corrections officer Ruben Thomas was murdered. (Doc. 1-1 at 5). According to Plaintiff, he was initially supposed to testify on behalf of the inmate defendant. *Id.* at 5. Plaintiff states, however, that after Driver threatened his life, he refused to testify. *Id.* at 5-7.

695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Further, Plaintiff must comply with Local Rule 4.05 and/or Local Rule 4.06, Rules of the United States District Court for the Middle District of Florida and Federal Rule of Civil Procedure 65 in drafting his motion. These rules govern this Court's decision as to whether an injunction shall issue.

Plaintiff has not supported his motion with facts that indicate that he is threatened with irreparable injury, nor has he demonstrated a likelihood that he will ultimately prevail on the merits of his claims in this case. *See Cate*, 707 F.2d at 1185; Local Rules 4.05 and 4.06 (b)(2) - (4), Middle District of Florida. Plaintiff's allegations that he may be transferred to another correctional institution and he may suffer some future harm due threats made in 2012 are too speculative to support a temporary restraining order. *See S.-Cent. Conference of Seventh Day Adventists v. City of Alabaster*, No. 2:12-CV-2451-KOB, 2013 WL 841208, at *3 (N.D. Ala. Mar. 5, 2013) (noting that the threat of future harm must be "real and immediate" rather than "conjectural or hypothetical") (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 105–6 (1983)); *Edler v. Gielow*, No. 3:08-cv-530-WS, 2009 WL 1660013, at *4 (N.D. Fla. June 15, 2009) (denying a motion for preliminary injunction because Plaintiff's allegations that there is a substantial threat that he would be harmed in the future was speculative). Plaintiff does not state that he was recently threatened by Driver or that his transfer is imminent. Consequently, Plaintiff has failed to meet his

burden with respect to each of the factors required for an injunction or temporary restraining order.

Additionally, to the extent Plaintiff is attempting to initiate a civil rights action pursuant to 42 U.S.C. § 1983, he has not stated a viable cause of action. Plaintiff does not have a constitutional right to be incarcerated at a particular prison. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976)). Therefore, the Court will dismiss the instant case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint for a Temporary Restraining Order (Doc. 1) is **DENIED,** and this case is **DISMISSED** for failure to state a claim.

2. The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of October, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 10/19
Antonio Johnson